70 inclusive, as appears by the foregoing record, and that at the request of the counsel for the petitioner, Robert Lathrop, I certify and transmit the testimony of said Prescott to the court that a motion to punish for contempt may be made thereon.

BLATCHFORD, District Judge. The witness must answer the questions 59 to 70 inclusive. The clerk will certify this decision to the register, Henry Wilder Allen, Esq.

[For a decision of the points in issue in the principal case, see Case No. 8,104.]

## Case No. 8,107.

### In re LATHROP.

[See Case No. 8,106.]

## Case No. 8,108.

### LATHROP v. BROWN.

[1 Woods 474;[1] 10 Am. Law Reg. (N. S.) 638; 6 Am. Law Rev. 367.]

Circuit Court, S. D. Georgia. April Term, 1871.

CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACT—TAX ON DEBTS OR CONTRACTS OWNED OUT OF STATE — TAXES PAID CONDITION PRECEDENT TO MAINTAINING SUIT.

The act of the legislature of Georgia, approved October 13, 1870 [Laws Ga. 1870, p. 401], which provided that in all suits brought in any court of the state, founded on any debt or contract made before June 1, 1865, or in renewal thereof, the plaintiff should not have verdict or judgment unless the court was satisfied that all taxes upon said debt or contract had been paid for each year since the incurring or making thereof, and that in every trial upon such debt or contract, the fact that the same had been legally returned for taxes, and the taxes paid thereon, should be a condition precedent to a recovery; impairs the obligation of contracts and is therefore unconstitutional and void. .

[Cited in Baldwin v. Buswell, 52 Vt. 60.]

This cause was tried upon demurrer to a plea in bar.

Edward J. Harden, for plaintiff.

Frank S. Hesseltine, for defendant.

BRADLEY, Circuit Justice. This is an action brought by Harvey W. Lathrop, a citizen of Maryland, against David M. Brown, upon a promissory note dated January 1, 1862, whereby one Jacob L. Riley, as principal, and Brown as surety, promised by the first of January then next to pay to John W. McLeod, or bearer, $2,280.50 for value received. Two thousand dollars were paid on the note December 8, 1865. The suit is brought for the balance. The defendant, amongst other things, pleads that the contract was made prior to the 1st of June, 1865, and that by a statute of Georgia, of the 13th of October, 1870, it was enacted that in all suits brought

in or before any court of the state, founded on any debt or contract made before the 1st of June, 1865, or in renewal thereof, it should not be lawful for the plaintiff to have a verdict or judgment in his favor until he had made it clear to the tribunal trying the same, that all legal taxes chargeable by law upon the same had been duly paid for each year since the making of said debt or contract. And further: In every trial upon a suit founded upon any such contract, it is provided that said debt has been legally given in for taxes, and the taxes paid shall be a condition precedent to a recovery on the same; and in every such case, if the tribunal trying is not clearly satisfied that said taxes have been duly given in and paid, it shall so find; and said suit shall be dismissed; and defendant avers that the causes of action in the declaration mentioned were chargeable with taxes, which have not been given in or paid.

The plaintiff demurs to this plea. The question is, whether said statute is constitutional, and I am clearly of the opinion that it is not. It imposes upon the plaintiff conditions for a recovery which were not required to be performed when the contract was made—conditions onerous, and if he has not paid the taxes, impossible to be performed. It imposes a penalty and forfeiture for nonpayment of taxes, which it is conceded did not exist when the taxes were assessed and payable. It therefore [not only][3] impairs the validity of contracts [but is an ex post facto law].[3] Restrictions on the remedy which materially affect a contract tend as much to impair its validity as laws passed to abrogate it. They differ only in degree. I have no hesitation or doubt on the subject.

Judgment for plaintiff.

LATHROP (CRAFT v.). See Case No. 3,318.

## Case No. 8,109.

### LATHROP v. DRAKE et al.

[30 Leg. Int. 141.][1]

Circuit Court, E. D. Pennsylvania. 1873.[2]

BANKRUPTCY — SUIT BY ASSIGNEE OUT OF DISTRICT ADJUDGING THE BANKRUPTCY—JURISDICTION.

A circuit court of the United States has no jurisdiction of a suit by an assignee in bankruptcy appointed in another district of the same or another state, to recover the amount of a preference obtained by a creditor, through judgment and execution in a state court. The jurisdiction is vested exclusively in the district courts of the same or any other district.

Plaintiff, assignee of Adams, brought this bill for an account, &c., against defendants, to recover an alleged preference under the bankrupt act [of 1867 (14 Stat. 517)]. The defendants, residents of Easton, in the East-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[3] [From 10 Am. Law. Reg. 638.]

[1] [Reprinted by permission.]

[2] [Reversed in 91 U. S. 516.]